\*Herbert Lloyd et al.

*v.*

Pennsylvania Electric Vehicle Company.

[Argued December 3d and 4th, 1908.    Decided March 1st, 1909.]

Garrison, J. (dissenting).

My vote in this case is determined by two fundamental rules for the construction of statutes, *first,* that effect be given to all of the language of each section of the act that is under construction, and *second,* that the re-enactment of a section after a certain force and effect has been placed upon it by judicial construction amounts to a legislative declaration that such is its intended force and effect.    I perceive no reason why these elemental rules should not be applied to the construction of sections 18 and 86 of the Revised Corporation act of 1898, which is the matter presented for determination upon this appeal; if applied the two sections may be harmonized.

Section 86 of the act in question is a re-enactment of section 80 of the act of 1875 after a judicial construction had been placed upon it.    This construction was that the provision of section 80 as to distribution of surplus upon dissolution was "a legislative declaration of what are the rights of the holders of preferred stock when the law or contract under which the stock is issued does not in any way limit or restrict them."    *McGregor* v. *Home Insurance Co., 33 N. J. Eq. (6 Stew.) 181.*

As the statute law then stood such legislative provision was one that incorporators were apparently without power to escape. Such power is now, however, expressly conferred by section 18 of the revised act of 1898 by a new provision that authorizes the creation of stock with such preferences "as shall be stated and expressed in the certificate of incorporation."    Hence if incorporators do not desire that such legislative provision as to

---

\* Omitted from its proper place in 75 *N. J. Eq. (5 Buch.)* 263.—Rep.

the rights of stockholders upon dissolution (contained in the eighty-sixth section) should be read into their charter-contract all that they have to do is to "state and express in their certificate of incorporation" whatever provision touching the matter they desire to substitute therefor. The power to do this is given in section 18 and the mode of its accomplishment is specifically laid down. It is only when incorporators do not avail themselves of the power thus conferred by section 18 that the legislative provision of section 86 determines the matter as theretofore. Thus the previously construed provision of section 86 and the new provision of section 18 are harmonized consistently with their joint enactment; incorporators having under the new provision of section 18 untrammeled power to define the relative rights of their stockholders upon dissolution provided they do so in the manner specifically pointed out in such section, while the re-enacted legislative provision of section 86 is left in unimpaired force whenever incorporators do not avail themselves of the power conferred upon them by section 18. Thus effect is given to the language of each section without the interpolation of language that is to be found in neither.

The contention of the appellants on the other hand does violence to both of these fundamental rules. The construction for which they contend would interpolate into section 18 after the word "preferences" the word "only," making it read "such preferences *only* as shall be stated and expressed," whereas the legislative language is that stock shall have "such preferences as *shall be* stated and expressed." The effect is to alter section 18 diametrically, creating thereby an irreconcilable conflict between such section and section 86, where before none existed. For as the two sections left the hands of the lawmaker the legislative provision of section 86 was a part of every charter-contract where no different provision was "stated and expressed" in the certificate, whereas after such interpolation such legislative provision was null and void unless "stated and expressed" in the certificate. This is legislation, not construction. Moreover, as construction seeks to avoid discord, not to create it, it is entirely alien to its function to insert in an act words that render the harmonizing of its several sections impossible.

Because of the irreconcilable conflict thus gratuitously created the appellants strip section 86 not only of its judicially established force but of all force whatsoever by making it effective only when it had become ineffectual. For the proposition is that the provision of section 86 is to be given effect only when a like provision has been declared by the incorporators and "stated and expressed" in their certificate of incorporation, in which case of course section 86 is entirely unnecessary and of no effect at all. If this had been the intention of the legislature it is too plain for argument that it would not have re-enacted the judicially construed provision of section 86.

The net result therefore of departing from the elemental rule of giving to the language of the legislature is to legislate into section 18 a provision that is not therein and to legislate out of section 86 a provision that was re-enacted by the legislature in view of its established construction. I cannot agree with the appellants that this is the proper way to deal with legislative language.

In the present case the certificate of incorporation after showing that preferred stock has been created "states and expresses" the rights of such stock while the company is a going, dividend declaring concern, but omits to "state and express" what such rights shall be upon dissolution, which is the very matter expressly provided for by the legislature itself in section 86. Hence under elemental principles such legislative provision is to be read into the charter-contract just as it was in *McGregor* v. *Home Insurance Co.,* which case, in view of the creation of preferred stock by the defendant in the present case, is in no respect distinguishable from it. This was the conclusion reached in the court below by Vice-Chancellor Leaming, with whose views I am in entire accord. I am requested by Justices Reed, Trenchard and Voorhees to say that they concur in the views expressed in the foregoing memorandum.